**UNITED STATES of America ex rel. Ray V. JOHNSON H–5984**

v.

**Joseph R. BRIERLEY, Supt.**

**C. A. No. 71–338.**

United States District Court,
E. D. Pennsylvania.

Feb. 17, 1971.

Ray V. Johnson, pro se.

## MEMORANDUM AND ORDER

DITTER, District Judge.

This matter is before the Court on a Petition for Writ of Habeas Corpus. Relator, Ray V. Johnson, a state prisoner, is confined in a state correctional institution at Pittsburgh, Pennsylvania.[1]

Consistent with the provisions of 28 U.S.C. § 2071 and Federal Rule of Civil Procedure 83, we have adopted Local Rule 40 which governs the requirements of a petition for a writ of habeas corpus by a state prisoner. It provides that such petitions are to be made on forms provided by this court and that incorporation by reference to other documents may result in the dismissal of the petition. Although he has used the correct form, relator has not supplied the required information in a concise way. Instead, he has constantly made references to an attached brief. Rule 40 was adopted so that those seeking habeas corpus relief would know what allega-

tions must be included in their petitions and to define the issues for the benefit of the court. Briefs and citations of authorities may always be supplied, but they should be separate and distinct documents. The habeas corpus petition itself should be confined to a concise and complete statement of the facts. Since relator has not complied with this principle, his petition will be denied.

---

1. Although that institution is not within this judicial district, jurisdiction is conferred on this court by 28 U.S.C. § 2241

(d) since petitioner was convicted and sentenced in Philadelphia County.